**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 2:26-CR-113** |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **JUDGE: EDMUND SARGUS** |
| | ) | |
| | ) | |
| **ALVAREZ, et al.,** | ) | |
| | ) | |

**DEFENDANTS' UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161(h)(7)(A) AND TO DECLARE CASE COMPLEX**

Defendants, through undersigned counsel with written consent from all defense counsel, respectfully moves this Court for an order continuing the trial currently set for September 14, 2026, together with all associated pretrial deadlines and excluding the resulting period of delay from computation under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Counsel has discussed this Motion with counsel for the Government and there is no opposition to this Motion. In support, Defendant states as follows.

## I. INTRODUCTION

As this Honorable Court is aware, this is a multi-defendant, multi jurisdiction prosecution involving multiple different federal agencies and offices. The government, on August 6, 2026, disbursed a significant volume of material in discovery and has produced what appears to be approximately 6,500 pages of discovery. It is understood that additional discovery will be produced in this matter in addition to what has already been received and because of that even in the exercise of due diligence, counsel cannot complete review of that material, conduct the

investigation it makes necessary, litigate the pretrial motions it will generate, and prepare for trial within the current schedule.

The Defendants therefore requests a continuance under 18 U.S.C. § 3161(h)(7)(A) on the ground that the ends of justice served by granting it outweigh the best interest of the public and the Defendants in a speedy trial. The grounds are the number of defendants and the complexity of the prosecution, see id. § 3161(h)(7)(B)(ii), and, in the alternative, the denial to counsel of the reasonable time necessary for effective preparation, see id. § 3161(h)(7)(B)(iv).

Respective counsels for all Defendants have conferred and all agree that a continuance of the trial date and all pretrial deadlines is necessary. The Government is unopposed to this Motion.

## **II. LEGAL STANDARD**

The Speedy Trial Act requires that trial commence within seventy days of the filing of the indictment or the defendant's initial appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded from that computation. *Id.* § 3161(h). Section 3161(h)(7)(A) excludes any period of delay resulting from a continuance granted at the request of the defendant or the government "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

A defendant may not prospectively waive the protections of the Act, and "without on-the-record findings, there can be no exclusion" of time under the ends-of-justice provision. *Zedner v. United States*, 547 U.S. 489, 507 (2006) (construing former § 3161(h)(8), recodified without substantive change at § 3161(h)(7)) Thus, in deciding whether to grant an ends-of-justice

continuance, the court considers, among other factors, whether the failure to grant it would "result in a miscarriage of justice"; whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

A court should also consider whether the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv). The factor stated in clause (iv) applies to a case that, "taken as a whole, is not so unusual or so complex as to fall within clause (ii)," and is certainly applicable to this case given the seriousness of the charges, the amount of discovery that has already been provided, the additional discovery anticipated, and the complex nature of the case.

It is understood that a continuance may not be granted "because of a lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* § 3161(h)(7)(C). Neither circumstance is present here as discovery was slowed due to the preparation of a protective order, the need to obtain all evidence, review it completely, and investigate the case that is still objectively new.

The Defendants and the Government have diligently worked to provide the Court with available trial dates per the Court's request. The Parties have engaged in an online survey to determine available trial dates. The results of the survey between all defense counsel and counsel for the government indicate that all counsel is available for trial on September 13, 20 and 27 of 2027.

## III. CONCLUSION

WHEREFORE, the Defendants respectfully requests that the Court grant this unopposed motion to continue the trial and associated deadlines as set forth above, exclude the resulting period of delay under 18 U.S.C. § 3161(h)(7)(A) and § 3161(h)(6), declare this matter as complex and grant such further relief as is just.

Respectfully Submitted,

/s/ Zachary M. Swisher
______________________________

Zachary M. Swisher (0076288)
Sybert Rhoad Lackey and Swisher LLC
153 South Liberty Street
Powell, Ohio 43065
614-785-1811 (o)
Zach@law153group.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Defendants' Unopposed Motion to Continue Trial and to Exclude Time Under The Speedy Trial Act, 18 U.S.C. § 3161(H)(7)(A) and to Declare Case Complex* has been forwarded to all parties via the clerk's office electronic filing on September 1, 2026.

/s/ Zachary M. Swisher
____________________________
Zachary Swisher (0076288)