**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**vs.**

**Case No. 2:26-cr-113**
**Judge Edmund A. Sargus, Jr.**

**ABRAHAM HERMOSILLO ALVAREZ, *et al.*,**
**Defendants.**

**ORDER**

This matter is before the Court on an Unopposed Motion to Continue Trial and to Exclude Time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and to Declare Case Complex filed by all Defendants. (ECF No. 95.) Defendants ask the Court for an order continuing the trial date set for September 14, 2026, and all associated deadlines, and excluding the resulting period of delay from the computation under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. (*Id.* PageID 434.) The Government does not oppose the Motion. (*Id.* PageID 435.) For the reasons stated below, Defendants' (ECF No. 95) Unopposed Motion to Continue Trial and to Exclude Time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and to Declare Case Complex is **GRANTED**.

On July 9, 2026, the Grand Jury returned a multi-count Indictment against Defendants Abraham Hermosillo Alvarez, Daniel Kenely Eskridge, William Lee Spartacus Falkner, Tycen James Proper, Jordan Wesley Rincker, Bryan Omar Roa, Chandler Dylan Scaggs, and Michael Alan Thomas. (ECF No. 33.) Defendants are charged in count one of conspiracy to provide

material support to terrorists in violation of 18 U.S.C. §§ 930(c), 1114(a), and 2332a(a)(2); and in count two of conspiracy to commit murder within the special territorial jurisdiction of the United States and to murder an officer or employee of the United States in violation of 18 U.S.C. §§ 1111(b) and 1114(a).

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days' after the arraignment, 18 U.S.C. § 3161(c)(1), but lists a number of exclusions from the 70–day period . . . ." *United States v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider several factors including "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 3161(h)(7)(B)(ii).

Without opposition from the Government, Defendants ask the Court to find that a trial date outside the Speedy Trial Act's 70-day rule is appropriate here because the ends of justice served by taking such action outweigh the best interests of the public and Defendants in a speedy trial. *Id.* § 3161(h)(7)(A); (ECF No. 95, PageID 435). Defendants urge that this case is a multi-defendant, multi-jurisdictional prosecution involving several federal agencies and offices. (ECF No. 95, PageID 434.) So far, the Government has produced 6,500 pages of discovery and will

produce additional discovery. (*Id.*) Defendants say, "even in the exercise of due diligence, counsel cannot complete review of that material, conduct the investigation it makes necessary, litigate the pretrial motions it will generate, and prepare for trial within the current schedule." (*Id.* PageID 434–45.) Thus, Defendants argue their Motion is supported by § 3161(h)(7)(B)(ii) (number of defendants and complexity of the prosecution), or alternatively, § 3161(h)(7)(B)(iv) (reasonable time necessary for effective preparation). (*Id.* PageID 435.)

The Motion is well-taken, and the Court finds that this case is "unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law," and "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court will set a trial date outside the Speedy Trial Act's 70-day rule because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Time associated with this continuance is excludable under 18 U.S.C. § 3161(h)(7)(A).

The Court sets the trial schedule as stated below.

## TRIAL ORDER

Defendants having this date entered a plea of not guilty to the Indictment filed in this case, the Court hereby establishes the following schedule that will govern the course of this case from arraignment to trial.

## I. TRIAL DATE

This case is set for trial on **September 13, 2027 at 9:00 a.m.** The Final Pretrial Conference is set for **September 3, 2027 at 9:00 a.m.** in Room 301. Please contact the Jury

Deputy Donald Fitzgerald, at (614) 719-3021 about obtaining juror questionnaires.

The Court will hold a status conference by Zoom on **November 16, 2026 at 10 a.m.** with all counsel of record present. At that conference, the Court will determine whether additional conferences are necessary as the trial date nears.

## II. DISCOVERY AND INSPECTION

The attorney for the defendant is directed to contact the Assistant United States Attorney in charge of the prosecution of this case to arrange a meeting for the purpose of resolving all requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16. Upon the defendant's request for Rule 16 discovery, the government shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16. The government shall then file a response to the defendant's request for discovery within one (1) week of the filing of the defendant's request.

The parties shall hold the discovery meeting as promptly as possible. At this conference, the parties are required to confer and try to agree on a timetable for pretrial disclosures under Rule 16.1, including setting a time for expert disclosure. The deadline for expert disclosure must be sufficiently before trial to provide a fair opportunity for each party to meet the other side's expert evidence, which is at least one month before trial. If at any time during the course of these proceedings any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed one (1) week from the date of a party's denial of the initial request.

## III. MOTIONS

All motions of any kind, by the defendants or by the government, shall be filed on or before **August 6, 2027**, although if any defendant plans to file a motion to suppress, he or she should do so sooner than that. All motions in opposition shall be filed on or before **August 13, 2027**. Reply briefs will not be accepted. Upon the filing of any motion, the movant shall state therein whether and for what reasons an evidentiary hearing is required. If the Court agrees, an evidentiary hearing will be scheduled.

## IV. PLEA NEGOTIATIONS AND PLEA AGREEMENT

Plea agreement discussions between the Assistant United States Attorney and counsel for the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure shall be commenced as soon as practicable. If a plea agreement is reached, counsel shall notify the Court. The Court will set a change of plea hearing soon thereafter.

## V. MOTIONS FOR CONTINUANCE

Any motion for a change of the trial date shall be in writing and shall be made at least ten (10) days prior to the scheduled trial date. Such motion shall set forth those factors listed in Title 18, U.S.C. § 3161(h)(7)(B) that the movant contends support the motion.

## VI. EXHIBITS

### A. Exhibit Lists

Unless otherwise ordered, both sides shall submit to the Court's chambers three (3) typed copies of a list of the proposed exhibits no later than six (6) business days before the date of trial. This list shall include the proposed exhibit number and a substantial description of the exhibit. Both sides shall number their exhibits with Arabic numbers, preceded by the letter prefix "G" for

prosecution or "D" for defense. Finally, exhibit lists shall be three-hole punched. Exhibit lists are not pleadings that should be filed with the Clerk of Courts.

**B. Trial Exhibits.**

Each party intending to offer exhibits will mark the exhibits prior to the commencement of the trial. Three (3) business days prior to the commencement of trial, counsel shall provide the original and two copies of exhibits to the Court and one copy to opposing counsel. The original and copy of exhibits provided to the Court should be three-hole-punched and placed in notebooks. The notebooks must contain a copy of the exhibit list previously submitted to the Court.

At trial, counsel may not approach a witness to tender an exhibit. Rather, the Courtroom Deputy will place each exhibit before each witness. In formulating a question to a witness, counsel shall specify the exhibit number or designation involved, to ensure a clear record.

Exhibits introduced for the first time during trial, *i.e.*, exhibits used for impeachment, must be displayed to opposing counsel and the Court for review and then tendered to the Courtroom Deputy for marking. Counsel shall be prepared to provide copies of such exhibits to opposing counsel and the Court at the time they are presented to a witness.

Each counsel is responsible for any exhibits expected to be used during trial. **Please note** that only exhibits that have been admitted and published to the jury will be provided to the jury during deliberations. If a page of an exhibit is not published, it will not be provided to the jury during deliberations. At the end of each trial session, counsel shall return all original exhibits to the Courtroom Deputy.

## VII. WITNESS LISTS

The parties must submit their respective witness lists to the Court ex parte, without opposing counsel on the email no later than one (1) week before the trial date. Witness lists should be submitted to the Courtroom Deputy at Christin_Werner@ohsd.uscourts.gov and to Chambers at Sargus_Chambers@ohsd.uscourts.gov.

## VIII. STIPULATIONS

The Government shall file with the Court stipulations one (1) week before the trial.

## IX. VOIR DIRE EXAMINATION

In the courtroom, prospective jurors will be seated in numerical order, according to the diagram attached hereto marked "Appendix A." The whole panel of prospective jurors -- persons seated in the jury box and person seated in the courtroom benches -- will be examined in one continuous examination.

Each prospective juror will be assigned a "juror number" by the Clerk's office. Counsel will receive a listing of the jurors' names and numbers prior to jury selection. When interrogating a juror, counsel should refer to the juror by *number only*.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case. An outline of the Court's voir dire questioning is attached hereto marked "Appendix B." Counsel shall submit questions related to specific subject areas about which they would like to ask during voir dire examination. Any such questions concerning specific subject areas must be filed with the Court two (2) days before the final pretrial conference.

During voir dire, counsel shall address their questions to the whole panel. Counsel may not question an individual juror, unless the answer of a specific juror justifies further inquiry. Again, jurors shall be addressed only by the number assigned to them by the Clerk's office.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms, which are on file in the Clerk's office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

## X. CHALLENGES

At the conclusion of the questioning, the Court shall be recessed, at which time counsel shall retire to chambers to begin the juror challenge process. The entire panel, not just prospective jurors seated in the jury box, shall be accepted, challenged for cause, and peremptorily challenged in a continuous sequence with reseating prospective jurors. Counsel shall not be permitted to return to the courtroom to refresh one's memories of particular jurors. It is counsel's responsibility to determine the current makeup of the jury by reference to the seating plan.

## XI. PEREMPTORY CHALLENGES

Peremptory challenges will be exercised as follows:

(A) United States exercises its first challenge

(B) Defendant exercises his first and second challenges

(C) United States exercises its second challenge

(D) Defendant exercises his third and fourth challenges

(E) United States exercises its third challenge

(F) Defendant exercises his fifth and sixth challenges

(G) United States exercises its fourth challenge

(H) Defendant exercises its seventh and eighth challenges

(I) United States exercises its fifth challenge

(J) Defendant exercises his ninth challenge

(K) United States exercises its sixth challenge

(L) Defendant exercises his tenth challenge

If either party "passes," (*i.e.* forgoes to exercise a challenge in the order prescribed), that party has thereby "used" the challenge.

After the regular twelve (12) jurors have been fully qualified, and counsel state that they are satisfied with the jury, the peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

## XII. JURY INSTRUCTIONS

Prior to submitting proposed jury instructions, the parties must meet and confer. At least one (1) week prior to trial, the parties shall make one, joint filing containing proposed jury instructions, verdict forms, and (if any) interrogatories. A courtesy copy should be sent, in Word format, to Chambers at Sargus_Chambers@ohsd.uscourts.gov.

The proposed jury instructions must include citations to supporting authorities in footnotes. If a party objects to a proposed instruction or instructions, the objecting party must

note the specific objection and grounds for the objection, and include an alternative proposed instruction, in the joint filing.

The parties shall use the United States Court of Appeals for the Sixth Circuit pattern jury instructions, where appropriate.

**IT IS SO ORDERED**.

**9/3/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

Appendix A: Criminal Jury Trial



**VOIR DIRE QUESTIONS BY THE COURT**
**Criminal Jury Trial Procedures**
**Appendix B**

The Court will first conduct a preliminary examination, asking questions similar to those listed below. After the Court has finished its examination of the jury panel, counsel may elect to supplement the Court's examination with questions that do not repeat, in substance, any question the Court already has posed to the panel.

1. Does any panel member have:

   (a) Any transportation problem? For example, does anyone have difficulty getting to or from the courthouse?

   (b) Any medical or disability problems, such as difficulty hearing, walking or seeing? Does any other medical problem exist which could affect your service on the jury?

2. <u>OUTLINE THE OFFENSE PER INDICTMENT OR INFORMATION</u>

   Does any panel member have prior knowledge or information about the offense(s) the defendant(s) is (are) charged with, which I have just explained to you? This includes knowledge gained from personal contacts or from the media.

3. Does any panel member have any personal interest of any kind in this case, or in the defendant(s)?

4. The Court and counsel estimated this trial will last __ days. Does any panel member have any immediate family or personal reason or situation which persuades you that you cannot serve as a juror during this period and give your undivided attention to this case?

5. Does any panel member feel bias -- or prejudice -- because the defendant(s) has (have) been charged by indictment (information) with an offense(s) against the United States?

6. Has any panel member formed or expressed any opinion as to the guilt or innocence of the defendant(s)?

7. The Court will introduce counsel and defendant(s) in the following order:

   (a) The government's counsel – representative

   (b) The defendant's counsel - defendant(s)

   (c) The government's witnesses

   (d) The defendant's witnesses

   Is any panel member related by family or marriage to these individuals? Are you personally acquainted with these persons, or do you have any knowledge of them, directly or indirectly, through your social, business, professional lives?

8. Does any panel member have any feeling -- thought -- inclination --premonition -- prejudice -- religious belief or persuasion -- or bias -- which might influence or interfere with your full and impartial consideration of this case or which might influence you either in favor of or against either the defendant(s) or the government?

9. Is there any reason in your mind why you cannot hear and consider the evidence and render a fair and impartial verdict?

10. If any panel member has served as a juror in the federal or state court -- either in a civil or criminal case--and regardless of the outcome of such case(s), would your prior experience have any effect or influence on your ability to serve as a fair and impartial juror in this case?

11. Can you take the law as the Court instructs you, without any reservation whatsoever, and apply the facts to the Court's instructions on the law? If you cannot do this, please hold up your hand.

12. Do you recognize and accept the proposition that jurors are the sole judge of the facts and the Court is the sole judge of the law? If you cannot do this, please hold up your hand.

13. If you are selected as a juror in this case can you extend the presumption of innocence to this defendant(s); that is, can you presume the defendant(s) is innocent of the charge(s) unless and until guilt is established by proof which convinces you beyond a reasonable doubt? If you cannot do this, please hold up your hand.

14. Are you -- or is any member of your immediate family -- a member of a law enforcement agency, *i.e.* municipal police, county sheriff, state highway patrol, or any federal law enforcement agency, either at the present time or in the past?

15. QUESTIONS REGARDING CHALLENGES FOR CAUSE

Can you put that aside, the fact that __________, and decide this case solely on the evidence that will be presented in this courtroom and the instructions that I give you?

Stated otherwise:

Would the fact that __________render you unable to hear and consider the evidence so that you could not render a fair and impartial verdict?